# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH SLOMNICKI, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 12-1756<br>) |
| CITY OF PITTSBURGH, et al., | )<br>) |
| Defendants. | )<br>) |

## **MEMORANDUM ORDER**

Pending before the court is the motion for extension of time for all filing dates (ECF No. 33) and the second motion for court-appointed counsel (ECF No. 34) filed by plaintiff Joseph Slomnicki ("plaintiff"). On July 17, 2013, the court ordered plaintiff to file a response to the pending motions to dismiss (ECF Nos. 2, 11), which have been pending since at least January 7, 2013. The order instructed plaintiff to file a response, and indicated that "failure by plaintiff to file responses to the Motions to Dismiss on or before August 7, 2013 will be construed by the court as plaintiff's consent to the dismissal of this action with prejudice for failure to prosecute." (ECF No. 31.) Plaintiff did not file responses to the motions to dismiss and instead filed the instant two motions. Because plaintiff did not file responses within the time provided by the court's order, the court will: (1) treat the second motion for court-appointed counsel as a motion for reconsideration, which will be denied; (2) deny the motion for an extension of time; and (3) dismiss plaintiff's action with prejudice for failure to prosecute.

The court previously entered an order denying plaintiff's motion for counsel, (ECF No. 13), in which it considered essentially the same arguments plaintiff raises in the present motion. A motion for reconsideration is ordinarily granted only (1) if there is "an intervening change in

the controlling law," (2) it involves the presentation of "new evidence" that was not available at the time of the ruling in question, or (3) to address the "need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The court concludes the instant motion does not address any of these grounds for relief, and plaintiff, making only conclusory allegations, failed to raise any new argument why this court should reconsider its previous decision with respect to appointment of counsel. Accordingly, plaintiff's second motion for court-appointed counsel is DENIED.

With respect to plaintiff's motion for extension of time, the court afforded plaintiff ample time to find counsel and to respond to the motions to dismiss which have been pending since December 6, 2012 and January 7, 2013. In that time, plaintiff appealed the court's first denial of his motion for counsel, and filed at least three motions for an extension of time. (ECF Nos. 20, 27, 33.) The court explicitly warned plaintiff that his complaint would be dismissed with prejudice if he failed to respond to the motions to dismiss by August 7, 2013. Paragraph five of plaintiff's motion for extension of time acknowledges this warning, as he indicates that "[i]t would be in the **interest of justice** for the court to dismiss the case in chief while the plaintiff's Motion for Court Appointed Attorney is pending." (ECF No. 33 at 1.) In light of the court's notice to plaintiff and plaintiff's failure to file responses to the motions to dismiss, plaintiff's motion for extension of time will be DENIED, and the complaint will be DISMISSED. An appropriate order follows.

## ORDER

AND NOW, this 9th day of August, 2013, it is HEREBY ORDERED that plaintiff's second motion for court-appointed counsel (ECF No. 34) is DENIED. It is FURTHER ORDERED that plaintiff's motion for extension of time is DENIED. It is FURTHER

ORDERED that defendants' motions to dismiss (ECF Nos. 2, 11) are GRANTED, and plaintiff's complaint is DISMISSED with prejudice for failure to prosecute. The clerk shall mark the case CLOSED.

SO ORDERED.

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Court Judge

**cc:**
JOSEPH SLOMNICKI
5850 Darlington Road
Pittsburgh, PA 15217